# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

In re: JAMIE LYNN GALLIAN,

Debtor

_____

JAMIE LYNN GALLIAN,

Appellant

v.

HOUSER BROS. CO., DBA
RANCHO DEL REY MOBILE
HOME ESTATES,

Appellee.

District Court Case Number
8:23-cv-00961-WLH

Bankruptcy Court Case Number
8:21-bk-11710-SC

Bankruptcy Court Adversary Number
8:21-ap-01097-SC

Chapter 7

---

**APPELLEE'S NOTICE OF ERRATA RE: REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF RESPONSIVE BRIEF**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, California 92620
Telephone: (949) 333-7777; Facsimile: (949) 333-7778

Attorneys for Appellee,
HOUSER BROS. CO.

---

NOTICE OF ERRATA

TO THE HONORABLE WESLEY L. HSU, UNITED STATES DISTRICT

JUDGE, APPELLANT, AND ALL INTERESTED PARTIES

     PLEASE TAKE NOTICE that Appellee Houser Bros. Co. filed a Request

for Judicial Notice in Support of Responsive Brief on September 15, 2023, as Dk.

No. 17 ("RJN Notice"). The RJN Notice inadvertently contained the incorrect

Exhibit 1.  A true and correct copy of the correct Exhibit 1 is attached.


DATED: September 16, 2023       MARSHACK HAYS WOOD LLP


       By: */s/ D. Edward Hays*
          D. EDWARD HAYS
          LAILA MASUD
          BRADFORD N. BARNHARDT
          Attorneys for Appellee,
          HOUSER BROS. CO. dba RANCHO DEL
          REY MOBILE HOME ESTATES

EXHIBIT 1

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

7

8

                    **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SANTA ANA DIVISION**

11

12 | In re | Case No. 8:21-bk-11710-SC |

   | JAMIE LYNN GALLIAN, | Chapter 7 |
13
   | Debtor. | Adv. No. |
14

15 | JEFFREY I. GOLDEN, Chapter 7 Trustee, | CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER |
                                          FRAUDULENT TRANSFERS; (2) TO
16 | Plaintiff, | AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY |
                 RELIEF; (4) FOR BREACH OF
17 | vs. | CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST |
18 | J-SANDCASTLE CO., LLC; J-PAD LLC; | ENRICHMENT |
     STEVEN D. GALLIAN; BRIAN J.
19   GALLIAN; JUSTIN BARCLAY; RONALD | Date:     [SEE SUMMONS] |
     J. PIERPONT; ROBERT J. MCLELLAND; | Time:     [SEE SUMMONS] |
20   AND E. J. GALLIAN, | Place:    [SEE SUMMONS] |

21 | Defendants. |

22

23         Plaintiff alleges:

24                          **JURISDICTION**

25         1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

26 §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),

27 (E), (H), (K), and (O).  This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544,

28 548, 549, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.  This

1719769.2  27064                          1

1   adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the

2   Bankruptcy Code (the "Code") entitled *In Jamie Lynn Gallian,* Case No. 8:21-bk-11710-SC (the

3   "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the

4   Central District of California, Santa Ana Division.  Plaintiff consents to and the Court can and

5   should enter a final judgment herein.  If and to the extent that the Court determines that it lacks

6   jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings

7   of fact and conclusions of law for consideration by the District Court.

8

9                                              **PARTIES**

10          2.      Plaintiff in this adversary proceeding is Jeffrey I. Golden, the Chapter 7 trustee

11   ("Plaintiff" or the "Trustee") of the bankruptcy estate of Jamie Lynn Gallian, the debtor in the

12   Bankruptcy Case (the "Debtor").  Plaintiff brings this adversary proceeding solely in his capacity

13   as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

14          3.      Plaintiff is informed and believes, and based thereon alleges, that J-Sandcastle Co.,

15   LLC ("J-Sandcastle") was a California limited liability company, with its principal place of

16   business located in in the County of Orange, State of California.  The Debtor is the sole member

17   and manager of J-Sandcastle.

18          4.      Plaintiff is informed and believes, and based thereon alleges, that J-Pad LLC ("J-

19   Pad") was a California limited liability company, with its principal place of business located in in

20   the County of Orange, State of California.  The Debtor is the sole member and manager of J-Pad.

21          5.      Plaintiff is informed and believes, and based thereon alleges, that Steven D. Gallian

22   is an individual residing in the County of Orange, State of California.  Plaintiff is further informed

23   and believes that Steven D. Gallian is the Debtor's son.

24          6.      Plaintiff is informed and believes, and based thereon alleges, that Brian J. Gallian is

25   an individual residing in the County of Orange, State of California.  Plaintiff is further informed

26   and believes that Brian J. Gallian is the Debtor's son.

27

28

**Exhibit "1"**
**Page 3**

7.      Plaintiff is informed and believes, and based thereon alleges, that E. J. Gallian is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that E. J. Gallian is the Debtor's granddaughter.

8.      Plaintiff is informed and believes, and based thereon alleges, that Justin Barclay is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Justin Barclay is the Debtor's son.

9.      Plaintiff is informed and believes, and based thereon alleges, that Ronald J. Pierpont is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Ronald J. Pierpont is the Debtor's ex-husband.

10.     Plaintiff is informed and believes, and based thereon alleges, that Robert J. McLelland is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Robert J. McLelland is the Debtor's roommate.

11.     Plaintiff is further informed and believes, and based thereon alleges, that J-Sandcastle, J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, and Ronald Pierpont are all "insiders" of the Debtor pursuant to § 101(31) of the Code.

## GENERAL ALLEGATIONS

12.     On or about July 9, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

13.     Jeffrey I. Golden thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

The J-Sandcastle Transfer

14.     Up to and until about October 31, 2018, the Debtor lived at 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Alderport Property"), which she received as a gift in 2017 from her stepmother, Sandra Bradley ("Ms. Bradley").  The Debtor always held title to the Alderport Property in her own name.

15.     On or about October 31, 2018, the Debtor sold the Alderport Property to Randall Nickell for $379,000, which he paid for in two cashier's checks payable to the Debtor, individually.

1    16.    The Debtor deposited the funds from Mr. Nickell for the Alderport Property into a

2    Chase Bank account in her name.

3    17.    Thereafter, the Debtor used $185,000 of the proceeds from the sale of the Alderport

4    Property to purchase a manufactured home located at 16222 Monterey Lane, Space #376,

5    Huntington Beach, CA 92649 (the "Property") from Lisa Ryan.

6    18.    The Debtor paid Ms. Ryan the first $10,000 on November 1, 2018, and the $175,000

7    balance of the purchase price for the Property on November 17, 2018.

8    19.    Even though the Debtor paid for the Property with proceeds of her Alderport

9    Property deposited into a bank account in her own name, the Debtor transferred title to, and the

10   beneficial interest in, the Property to J-Sandcastle.

11   20.    At the time Debtor transferred the Property to J-Sandcastle, she was being sued in

12   multiple actions and judgments were later entered against her as follows:

13   a.    On November 8, 2018, in Case No. 30-2017-00913985, the Orange County

14   Superior Court ("OCSC") granted a motion by the Huntington Beach Gables Homeowners

15   Association ("HOA") for attorney's fees against the Debtor, and on December 4, 2018, the OCSC

16   entered an order on the motion, which reflected that the HOA had been awarded $46,138 of

17   attorney's fees against the Debtor, plus interest.

18   b.    On May 6, 2019, in Case No. 30-2017-00913985, the HOA obtained

19   judgment against the Debtor in excess of $315,000.

20   c.    On September 27, 2018, in Case No. 30-2017-00962999, the OCSC imposed

21   $3,070 of sanctions against the Debtor.

22   d.    On March 21, 2019, in Case No. 30-2017-00962999, the HOA obtained a

23   money judgment against the Debtor for $9,265.

24   e.    To date, the Debtor has paid approximately $1,295 on account of all these

25   judgments and orders.

26   21.    On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" for the

27   Property with the Debtor, "Jamie Lynn Gallian," identified as the "Purchaser/New Owner."

28   22.    On November 15, 2018, however, Ms. Ryan whited-out the Debtor's name and

Exhibit "1"
Page 5

1   replaced it with "J-Sandcastle Co, LLC Its Manager Jamie L. Gallian," pursuant to a discussion the

2   Debtor and Ms. Ryan had on that day (the "First J-Sandcastle Transfer").

3         23.     The fully executed "Notice of Sale or Transfer" of the Property reflecting that J-

4   Sandcastle was the owner of the Property was transmitted to the California Department of Housing

5   and Community Development (the "HCD"), which handles the registering and titling of

6   manufactured and mobilehomes, on or about November 20, 2018 (the "Second J-Sandcastle

7   Transfer").  The First J-Sandcastle Transfer and Second J-Sandcastle Transfer are, collectively, the

8   "J-Sandcastle Transfers".

9         24.     J-Sandcastle paid no consideration to the Debtor for the J-Sandcastle Transfers or in

10  connection with receiving title to and the beneficial interest in the Property. J-Sandcastle did not

11  have any business other than its ownership of the Property.

12        25.     On the Petition Date, title to the Property remained with J-Sandcastle, and not the

13  Debtor.

14        26.     On or about July 28, 2021 (postpetition), however, the Debtor caused J-Sandcastle

15  to transfer title to herself personally.  Accordingly, as of August 10, 2021, the HCD records were

16  changed to reflect that the Property's registered owner was "Jamie Lynn Gallian".  By receiving

17  this transfer from J-Sandcastle, the Debtor is a subsequent transferee that did not take for value, in

18  good faith, and without knowledge of the voidability of the initial fraudulent transfer to J-

19  Sandcastle.

20        The J-Pad Transfers

21        27.     At about the time that the Debtor purchased the Property, she sought to conceal the

22  equity in the Property by granting a lien for $225,000 on the Property in favor of J-Pad.

23        28.     Accordingly, on November 16, 2018, the Debtor, as the sole member of J-

24  Sandcastle the "borrower", executed a secured promissory note in the amount of $225,000 in favor

25  of J-Pad.  The secured promissory note is secured by a separate security agreement dated

26  November 16, 2018, reflecting a security interest in the Property between J-Sandcastle and J-Pad

27  (the "First J-Pad Transfer").

28        29.     In addition, on November 16, 2018, the Debtor, individually as the "borrower", also

1    executed a secured promissory note in the amount of $225,000 in favor of J-Pad.  The secured

2    promissory note with the Debtor also purports to be secured by a separate security agreement dated

3    November 16, 2018, between the Debtor and J-Pad (the "Second J-Pad Transfer").  It is unknown if

4    the separate security agreement exists.

5          30.      Notwithstanding that the secured promissory notes were for $225,000, J-Sandcastle

6    did not advance or loan any money to J-Pad at any point in time.  The Debtor, however, advanced

7    $175,000 to J-Pad at about the time of the First J-Pad Transfer, with the balance of $50,000 coming

8    from the Debtor later (collectively, the "Third J-Pad Transfer").

9          31.      Despite the two secured promissory notes, the $225,000 was not owed to J-Pad.

10    Rather, the $225,000 was owed by J-Pad to the Debtor (who had in fact advanced the funds from

11    her personal accounts).

12          32.      On January 14, 2019, the Debtor individually and through J-Pad filed not less than

13    three UCC-1 Financing Statements with the California Secretary of State listing J-Pad as the

14    secured party and the collateral as the Property (collectively, the "Fourth J-Pad Transfer"). A UCC

15    filing failed to perfect liens against the Property.

16          33.      Thereafter, on August 20, 2020, the Debtor signed a "Statement to Encumber" that

17    was submitted to the HCD to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as

18    lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer").

19          34.      Thereafter, as of February 24, 2021, the certificate of title to the Property reflected

20    that Mr. Pierpont and J-Pad were the "legal owners" (i.e., the lienholders) on the Property.

21          35.      On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien

22    Satisfied" form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.

23          36.      Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect

24    any "legal owners" (i.e., lienholders) on the Property.

25          37.      On or about August 6, 2021 (postpetition), the Debtor, individually, signed and

26    submitted a "Statement of Facts" to the HCD stating that the legal owner of the Property was J-Pad

27    and that J-Pad perfected its lien on January 14, 2019 (the "Sixth J-Pad Transfer").

28          38.      The Debtor also submitted with the August 6, 2021, Statement of Facts a "Statement

1   to Encumber" purportedly signed on January 14, 2019, reflecting that the "legal owner" of the

2   Property was only J-Pad (the "Seventh J-Pad Transfer").

3        39.     The First, Second, Third, Fourth, Fifth, Sixth, and Seventh J-Pad Transfers are

4   collectively referred to as the "J-Pad Transfers".

5        40.     J-Pad paid no consideration for the J-Pad Transfers.

6        <u>The Steven and Brian Gallian Transfers</u>

7        41.     On August 20, 2020, the Debtor, as the member of J-Sandcastle, signed a

8   "Statement to Encumber" that was submitted to the HCD to add her sons Steven Gallian and Brian

9   Gallian as legal owners (i.e., lienholders) on the certificate of title for the Property (the "First

10  Steven and Brian Transfer").

11       42.     In addition, on December 4, 2020, the Debtor, as the member of J-Pad, filed a UCC

12  Financing Statement Amendment (UCC3) with the California Secretary of State listing Steven and

13  Brian Gallian as additional secured parties with respect to the Property (the "Second Steven and

14  Brian Transfer").  The UCC filings failed to perfect liens against the Property. The First Steven and

15  Brian Transfer and the Second Steven and Brian Transfer are collectively, the "Steven and Brian

16  Transfers".

17       43.     Steven and Brian Gallian paid no consideration for the Steven and Brian Transfers.

18       <u>Additional Postpetition Liens</u>

19       44.     In addition to the UCC Financing Statement Amendment (UCC3) filed on

20  December 4, 2020, with respect to Steven and Brian Gallian, on September 8, 2021, September 12,

21  2021, and September 24, 2021, the Debtor, individually and/or through J-Pad or J-Sandcastle,

22  purported to perfect or create additional liens on the Property in favor of J-Pad, Steven Gallian,

23  Brian Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. McLelland, and E. J. Gallian by filing

24  multiple UCC Financing Statement Amendments (UCC3) with the California Secretary of State

25  listing J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J. Mclelland, and

26  E. J. Gallian as additional secured parties (collectively, the "Postpetition Transfers"). The UCC

27  filings failed to perfect liens against the Property.

28       45.     J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J.

**Exhibit "1"**
**Page 8**

1   McLelland, and E. J. Gallian paid no consideration for Postpetition Transfers or to be added as

2   additional secured parties with respect to the Property.

3       46.    The J-Sandcastle Transfers, J-Pad Transfers, Steven and Brian Transfers, and the

4   Postpetition Transfers are collectively referred to as the "Transfers".

5       47.    The Trustee is informed and believes, and based thereon alleges, that on the Petition

6   Date, there existed in this case one or more creditors holding unsecured claims allowable under

7   § 502 of the Code or that are not allowable only under § 502(e), that could have avoided the

8   Transfers under applicable law.

9

10   **<u>FIRST CLAIM FOR RELIEF</u>**

11   **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

12   **and California Civil Code §§ 3439.04, 3439.07 and 3439.08)**

13   **(Against All Defendants)**

14       48.    Plaintiff refers to and incorporates herein by reference each and every allegation

15   contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

16       49.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made

17   the Transfers with the actual intent to hinder, delay, or defraud one or more of her creditors.

18       50.    Pursuant to 11 U.S.C. §§ 544 and/or 548, California Civil Code § 3439.04(a), and

19   other applicable law, Plaintiff is entitled to avoid the Transfers as not being perfected or as

20   fraudulent.

21       51.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

22   Transfers from the initial transferees and any subsequent transferees.

23       52.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

24   thereof, plus interest thereon at the maximum legal rate.

25       53.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

26   Pad, plus interest thereon at the maximum legal rate.

27       54.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

28   Transfers, including title to and liens against the Property, are preserved for the benefit of the

**Exhibit "1"**
**Page 9**

1    Debtor's estate.

2

3                            **SECOND CLAIM FOR RELIEF**

4    **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

5              **and California Civil Code §§ 3439.05, 3439.07 and 3439.08)**

6                                **(Against All Defendants)**

7         55.    Plaintiff refers to and incorporates herein by reference each and every allegation

8    contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

9         56.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor

10   received less than a reasonably equivalent value in exchange for the Transfers.

11        57.    Plaintiff is informed and believes, and based thereon alleges, that at the time the

12   Transfers were made, the Debtor was either insolvent or became insolvent as a result of the

13   Transfers.

14        58.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

15   Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled

16   to avoid the Transfers as not being properly perfected or as fraudulent.

17        59.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

18   Transfers from the initial transferees and any subsequent transferees.

19        60.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

20   thereof, plus interest thereon at the maximum legal rate.

21        61.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

22   Pad, plus interest thereon at the maximum legal rate.

23        62.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

24   Transfers, including title to and liens against the Property, are preserved for the benefit of the

25   Debtor's estate.

26

27

28

1719769.2  27064                           9

**Exhibit "1"**
**Page 10**

**THIRD CLAIM FOR RELIEF**

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

63.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though fully set forth herein.

64.     Plaintiff alleges that at the time of the Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which her remaining assets were unreasonably small in relation to the business or transaction.

65.     Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

66.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

67.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

68.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

69.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.

**FOURTH CLAIM FOR RELIEF**

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

70.     Plaintiff refers to and incorporates herein by reference each and every allegation

1  contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though

2  fully set forth herein.

3      71.    Plaintiff alleges that the Debtor intended to incur, or believed or reasonably should

4  have believed that she would incur, debts that would be beyond her ability to pay as such debts

5  became due.

6      72.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

7  Code California Civil Code §§ 3439.04(a) and 3439.07, and other applicable law, Plaintiff is

8  entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

9      73.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

10  Transfers from the initial transferees and any subsequent transferees.

11      74.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

12  thereof, plus interest thereon at the maximum legal rate.

13      75.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

14  Pad, plus interest thereon at the maximum legal rate.

15      76.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

16  Transfers, including title to and liens against the Property, are preserved for the benefit of the

17  Debtor's estate.

18

19                    **FIFTH CLAIM FOR RELIEF**

20    **(To Avoid and Recover Postpetition Transfers under 11 U.S.C. § 549(a))**

21                    **(Against All Defendants)**

22      77.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

23  1 through 76, inclusive, of this Complaint as though fully set forth herein.

24      78.    The Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers

25  were not authorized under the Bankruptcy Code or by the Court.

26      79.    Pursuant to § 549 of the Code, the Trustee is entitled to avoid the Sixth J-Pad

27  Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers.

28      80.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, any liens

1719769.2  27064                          11

1  relating to Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers are

2  preserved for the benefit of the Debtor's estate.

3

4  ## SIXTH CLAIM FOR RELIEF

5  **(For Declaratory Relief)**

6  **(Against All Defendants)**

7     81.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

8  1 through 80, inclusive, of this Complaint as though fully set forth herein.

9     82.    An actual controversy exists in that Plaintiff contends that the Defendants do not

10  have valid, perfected, and unavoidable liens on the Property.

11    83.    Pursuant to 11 U.S.C. § 544(a)(2) and other applicable law, the Trustee is entitled to

12  a judgment determining that the Defendants do not have valid, perfected, and unavoidable liens on

13  the Property.

14

15  ## SEVENTH CLAIM FOR RELIEF

16  **(For Turnover – 11 U.S.C. § 542)**

17  **(Against all Defendants)**

18    84.    Plaintiff refers to and incorporates herein by reference each and every allegation

19  contained in paragraphs 1 through 83, inclusive, of this Complaint as though fully set forth herein.

20    85.    Upon avoidance, recovery, and preservation, the Property will be property of the

21  Debtor's bankruptcy estate.

22    86.    The Trustee may use, sell, or lease the Property under 11 U.S.C. § 363.

23    87.    Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by the

24  Defendants of the Property.

25

26

27

28

**Exhibit "1"**
**Page 13**

### EIGHTH CLAIM FOR RELIEF

**(For Breach of Contract)**

**(Against J-Pad)**

88.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 87, inclusive, of this Complaint as though fully set forth herein.

89.     Plaintiff alleges that the Debtor loaned $225,000 to J-Pad.

90.     Plaintiff alleges that the Debtor performed all of the terms and obligations on her part to be performed with respect to the terms of such loan.

91.     Plaintiff alleges that J-Pad has defaulted under the terms of the loan including, without limitation, its failure to repay all amounts owed.

92.     As of the date hereof, the outstanding principal balance owed to the Debtor by J-Pad is $225,000, plus interest.

### NINTH CLAIM FOR RELIEF

**(To Avoid Unjust Enrichment)**

**(Against J-Pad)**

93.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.     Plaintiff alleges that as a result of the J-Pad Transfers, J-Pad has been unjustly enriched, so that Plaintiff is entitled to recover from J-Pad money, in a sum of not less than $225,000, plus interest.

### TENTH CLAIM FOR RELIEF

**(To Avoid Unjust Enrichment)**

**(Against J-Pad)**

95.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 94, inclusive, of this Complaint as though fully set forth herein

96.     J-Pad owes the Debtor the principal sum of $225,000 for money had and received

by J-Pad from the Debtor.

97.    The Trustee is entitled to recover damages from J-Pad in the sum of not less than $225,000, plus interest.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:

1.    For judgment in favor of the Plaintiff and against the Defendants avoiding the Transfers;

2.    For a judgment in favor of the Plaintiff and against all transferees for the Trustee to recover the transferred property;

3.    For a judgment in favor of the Plaintiff and against J-Sandcastle for the Trustee to recover the Property from J-Sandcastle;

4.    For a judgment in favor of the Plaintiff and against J-Pad for the Trustee to recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad;

5.    For a judgment in favor of the Plaintiff and against the Defendants preserving any avoided Transfers, including title to and liens against the Property, for the benefit of the Debtor's estate.

6.    For an award of interest at the legal rate on all sums awarded to Plaintiff from and after the date of the Transfers.

ON THE FIFTH CLAIM FOR RELIEF:

7.    For judgment in favor of the Plaintiff and against the Defendants avoiding and recovering the Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers;

8.    For a judgment in favor of the Plaintiff and against the Defendants preserving any liens relating to the J-J-Pad Transfers, Steven and Brian Transfers, and the Postpetition Transfers for the benefit of the Debtor's estate.

ON THE SIXTH CLAIM FOR RELIEF:

9.    For a judgment determining that the Defendants do not have valid liens on the Property.

Exhibit "1"
Page 15

ON THE SEVENTH CLAIM FOR RELIEF:

10.    For a judgment for turnover of the Property to the Trustee.

ON THE EIGHTH, NINTH, AND TENTH CLAIMS FOR RELIEF:

11.    For the sum of $225,000, together with interest thereon as allowed by contract and law.

ON ALL CLAIMS FOR RELIEF:

12.    For costs of suit incurred herein; and

13.    For all other and further relief as the Court deems just and proper.

DATED: June 30, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                              By:    _/s/ Aaron E. de Leest_____
                                     AARON E. DE LEEST
                                     Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7
                                     Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JEFFREY I. GOLDEN, Chapter 7 Trustee | DEFENDANTS J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 AVENUE OF THE STARS, SUITE 450<br>LOS ANGELES, CA 90067-6006     310-277-0077 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1)TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒[2] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒[4] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 225,000 |
| Other Relief Sought | |

Exhibit "1"
Page 17

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>SCOTT C. CLARKSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Aaron E. de Leest | | |
| DATE<br><br>JUNE 30, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aaron E. de Leest | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this District Court proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **APPELLEE'S NOTICE OF ERRATA RE: REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RESPONSIVE BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by L.R. 5-4 in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and L.R 5-3.3, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 16, 2023**, I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 16, 2023**, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.



Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 (d)(3) and/or controlling L.R. 5-4, on **September 16, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.



Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2023 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - **ATTORNEY FOR APPELLEE HOUSER BROS. CO.; APPELLEE ERIC HOUSER; AND APPELLEE CRAIG HOUSER:** Bradford Nathan Barnhardt bbarnhardt@marshackhays.com, kfrederick@ecf.courtdrive.com, cbastida@marshackhays.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN:** Eric P. Israel eisrael@danninggill.com, eisrael@ecf.inforuptcy.com, DanningGill@gmail.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

   **APPELLANT**
   Jamie Lynn Gallian
   16222 Monterey Lane Unit 376
   Huntington, CA 92649

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: CONTINUED:

   **VIA PERSONAL DELIVERY:**
   **MANDATORY CHAMBERS COPY**
   HONORABLE WESLEY L. HSU
   FIRST STREET COURTHOUSE
   350 WEST 1ST STREET, COURTROOM 9B
   LOS ANGELES, CA 90012

4866-9137-6512, v. 1

146786v1/9999-403